NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | **Criminal No. 19-401 (SRC)** |
| v. | : | |
| | : | |
| LOUIS PICARDO | : | **OPINION & ORDER** |
| | : | |
| | : | |

**CHESLER**, District Judge

      This matter comes before the Court on the renewed motion by Defendant Louis Picardo ("Defendant" or "Picardo") for a reduction of sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) [ECF 20]. The instant motion was filed on October 8, 2020. The Government has opposed the motion on the grounds that (1) Picardo has not begun serving his sentence and is thus ineligible for relief under Section 3582(c)(1)(A) and (2) relief is not warranted on the merits of the application. For the reasons discussed below, the motion will be denied.

      On February 4, 2020, the Court sentenced Picardo to a 366-day term of imprisonment, followed by two years of supervised release, for the offense of tax evasion, in violation of 26 U.S.C. § 7201. The criminal charge stemmed from Picardo's failure to report approximately $3.7 million in taxable income on returns filed with the Internal Revenue Service for tax years 2012 to 2015. Originally, Picardo was due to surrender to the Bureau of Prisons ("BOP") on June 24, 2020, to begin serving his sentence at the satellite camp at FCI Fort Dix. However, Picardo contracted coronavirus and was hospitalized in April due to complications from covid-19. The Court granted Picardo's request to postpone his surrender date to August 24, 2020, to allow him additional time to recover from his illness.

In July 2020, Picardo filed his first motion for compassionate release under the First Step Act. It was denied without prejudice on July 27, 2020. At that time, Picardo had not yet surrendered to the custody of the BOP and, admittedly, had not exhausted his administrative remedies, as required to bring a motion under Section 3582(c)(1)(A). The Government, however, agreed to another extension of Picardo's surrender date. The Court accordingly ordered Picardo to begin serving his sentence on November 23, 2020.

Picardo again moves, pursuant 18 U.S.C. § 3582(c)(1)(A)(i), for an order reducing or modifying his sentence to "probation with a special condition of home confinement" due extraordinary circumstances consisting of Picardo's age, medical condition, and the risk to his health posed by the covid-19 pandemic. (Def. Br. at 2, ECF 20-3.) He states that he is 65 years old and suffers from, among other things, Type II diabetes, chronic kidney disease, sleep apnea, and overall deteriorating health since contracting covid. Defendant does not dispute that has not yet begun to serve his term of incarceration. Picardo argues that the Court is nevertheless empowered to reduce his sentence under Section 3582(c)(1)(A) because (1) nothing in the statute itself requires that a defendant be in BOP custody to apply for a reduction of sentence and (2) he has met the statutory exhaustion requirement by making a written request for administrative relief, submitted July 17, 2020, to the warden of FCI Fort Dix.

The Government, in response, argues that the statute forecloses the kind of relief sought by Picardo in this motion, specifically converting his entire sentence of imprisonment to a non-incarceratory penalty of probation with home confinement. The Government points out that Section 3582(c)(1)(A) authorizes a Court to "reduce the term of imprisonment" not to change the nature of the sentence. In this regard, it cites legislative history in connection with the 2002

amendment to Section 3582(c)(1)(A). The amendment added language authorizing a court to impose conditions on release "*when* reducing a sentence of imprisonment" under that subsection of the statute. See P.L. 107-273, § 3006, 116 Stat. 1758, 1806 (2002) (emphasis added). The Government emphasizes that, in making the 2002 change, Congress deliberately left undisturbed the provision's language authorizing a court to "reduce the term of imprisonment," even though it expressly noted that such a reduction does not speak in terms of "imposing in its stead a lesser type of sentence" in the manner more broadly authorized by Federal Rule of Criminal Procedure 35(b). H.R. Rep. No. 107-685, § 3006 (2002).

The Government further maintains that the entire statutory scheme contemplates that relief under Section 3582(c)(1)(A) is available only to inmates currently serving a term of imprisonment. It notes that the First Step Act's 2018 amendment of Section 3582(c)(1)(A), to allow defendants to file motions directly with the sentencing court, reinforces the statute's intention that only inmates are eligible to seek compassionate release. Prior to the amendment, the statute required that a motion be filed by the BOP on the defendant's behalf. As amended, the statute expands access to the court, authorizing a direct motion by the defendant, but only after first applying to the "the warden of the defendant's facility . . ." 35 U.S.C. § 3582(c)(1)(A). The requirements for presenting a motion to the court, the Government argues, indicate that the applicant for compassionate release must be in the custody of the BOP at the time the application is made.

The Court finds that Picardo is not eligible for the relief he seeks under Section 3582(c)(1)(A) for two reasons.

First, as noted by the Government, the entire scheme of the provision contemplates that the defendant seeking relief has already begun serving his or her sentence. Picardo has not served a single day of his 366-day term of imprisonment. Thus, it would appear that the relief offered by Section 3582(c)(1)(A) is not available to him. See United States v. Konny, 463 F. Supp. 3d 402, 2020 WL 2836783, at *2 (S.D.N.Y. May 30, 2020) (denying the motion filed by a defendant who had not yet surrendered to BOP custody at FCI Fort Dix, reasoning that "by its plain terms, [Section 3582(c)(1)(A)] applies only to those defendants who have begun serving their term of imprisonment at a BOP facility"); accord United States v. Spruill, No. 3:18-cr-22(VLB), 2020 WL 2113621, at *3 (D. Conn. May 4, 2020) (denying a motion for compassionate release pursuant to Section 3582(c)(1)(A) as premature because the defendant filed his motion before reporting to the BOP to begin his custodial sentence).

Second, Section 3582(c) provides the Court with limited authority to reduce a term of imprisonment. 18 U.S.C. § 3582(c) (providing that a "court may not modify a term of imprisonment once it has been imposed" unless the modification satisfies certain delineated exceptions, including "extraordinary and compelling reasons" as set forth in Section 3582(c)(1)(A)(i)); see also Dillon v. United States, 560 U.S. 817, 825 (2010) (holding that a district court may modify a sentence of imprisonment only in "limited circumstances."). The provision pursuant to which Picardo seeks relief makes clear that a once a judgment of conviction has been entered, a court may only "*reduce the term of imprisonment* (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) . . .." 18 U.S.C. 3582(c)(1)(A) (emphasis added). As set forth by the Government, the legislative history indicates that the

4

addition of the parenthetical authorizing probation or supervised release provides supplemental authority when a court reduces an imprisonment term, not the power to resentence. Interpreting the same language permitting a court to "reduce the term of imprisonment" pursuant to Section 3582(c)(2), the Supreme Court held that in making such a sentencing adjustment, a Court may not conduct "a plenary resentencing proceeding." Dillon, 560 U.S. at 826. Picardo requests that the Court modify his sentence so that he may serve his entire sentence on probation with a home confinement condition. This is not a reduction in the term of imprisonment ordered by the Court in the February 4, 2020 judgment of conviction. It is, essentially, a request for a new sentence, and thus exceeds the limited relief available under Section 3582(c)(1)(A). See Konny, 2020 WL 2836783, at *2 (holding that Section 3582(c)(1)(A)(i) "does not provide a basis for the Court to convert the defendant's term of imprisonment into a term of home confinement before he has self-surrendered to the BOP"); Spruill, 2020 WL 2113621, at *3 (concluding that in moving for relief before commencing his custodial sentence, the defendant sought resentencing and thus could not avail himself of compassionate release, reasoning that it is "a statutory exception to the prohibition against resentencing contained in 18 U.S.C. § 3582(c).")

Picardo, the Court notes, has cited decisions in which district courts have considered the merits of a defendant's motion under Section 3582(c)(1)(A) even though the defendant was not in BOP custody. See, e.g., United States v. Nazer, 458 F. Supp. 3d 967 (N.D. Ill. 2020); United States v. Hernandez, 451 F. Supp. 3d 301 (S.D.N.Y. Apr. 2, 2020); United States v. Gonzalez, 451 F. Supp. 3d 1194 (E.D. Wash. 2020). Defendant relies on those cases to argue that he is not foreclosed from seeking relief merely because he is not yet in custody. He likens his situation, in particular, to the posture presented in United States v. Nazer, in which the defendant had already

been sentenced to a six-month term of imprisonment but had not yet surrendered to the custody of the BOP to begin serving his sentence. See Nazer, 458 F. Supp. 3d at 970-71. The Nazer court nevertheless considered whether the defendant warranted relief under Section 3582(c)(1)(A), reasoning that the law on the First Step Act was unsettled as to "whether a defendant may obtain compassionate release where he has been sentenced but has not yet begun to serve his term of imprisonment." Id. at 970. Picardo argues that the crucial fact is that he has already been sentenced and thus, like the defendant in Nazer, may similarly be considered for relief under Section 3582(c)(1)(A), subject to the statute's exhaustion requirement, which he asserts he has met.

The Court finds the decisions cited by Picardo unpersuasive. Hernandez and Gonzalez are completely inapposite because the defendants in those cases had already begun serving their respective terms of imprisonment and were, in fact, incarcerated, albeit not in the custody of the BOP. See Hernandez, 451 F. Supp. 3d at 302-03 (defendant had begun serving his sentence but was in the custody of the United States Marshal at a private facility ); Gonzalez, 451 F. Supp. 3d at 1195 (defendant had begun serving his sentence in a local jail and was awaiting designation to a BOP facility). Nazer is also unavailing. While the Nazer court did proceed to analyze the defendant's First Step Act motion under the assumption that the defendant could arguably be eligible for relief, it did so in part because the Government did not "press for denial of Nazer's motion" on grounds of ineligibility. Nazer, 458 F. Supp. 3d at 971. Moreover, contrary to Picardo's argument, the Nazer court expressed significant doubts that the defendant was eligible for relief, in light of the process explicitly required by the statute and related regulations, which suggested that the moving defendant must be an inmate who has commenced serving his

6

sentence. Id. at 970-71. The Nazer court ultimately denied the Section 3582(c)(1)(A) motion but concluded there was a "reasonable alternative" to address the defendant's concerns: delaying his surrender date. Id. at 973.

The Court similarly concludes that there is an appropriate alternative to address Picardo's situation amid the current pandemic. It recognizes that Picardo is 65 years old and suffers from a number of health conditions, including the effects of having contracted coronavirus earlier this year. It is also true, however, that Picardo was convicted of a serious crime of tax evasion, for which the Court imposed a well-considered penalty. In light of this dilemma, the Government has generously agreed to extend Picardo's surrender date by another 90 days and has requested that the Court so order this extension. The Court indeed finds that this is an appropriate manner in which to balance the need for Picardo to continue his recuperation with his obligation to serve the sentence imposed by the Court for his criminal offense. Picardo expresses his view that a delayed surrender date is an inadequate solution, on the basis that the covid pandemic and rate of infection at FCI Fort Dix is unlikely to improve within this short time period. The Court, of course, cannot predict the time at which the pandemic will subside. It also cannot predict the conditions at Fort Dix in three months' time with regard to the facility's management of coronavirus transmission. It remains that Picardo has been convicted of a criminal offense and must, eventually, serve the sentence imposed by the Court.

Accordingly, **IT IS** on this 5th day of November 2020,

**ORDERED** that Defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A) [ECF 20] be and hereby is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Defendant's surrender date is extended by 90 days, from November 23, 2020 to February 23, 2021.

                                             s/ Stanley R. Chesler
                                          STANLEY R. CHESLER
                                        United States District Judge