NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 19-401 (SRC) |
| v. | : | |
| | : | |
| LOUIS PICARDO | : | OPINION |
| | : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion, dated February 7, 2022, by Defendant Louis Picardo ("Defendant") for reconsideration of the Court's July 27, 2020 Order (ECF No. 19) denying Defendant's earlier motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Specifically, Defendant seeks to serve the remainder of his sentence under home confinement.[1]

The Government does not object to Defendant's request to the extent that it seeks the replacement of Defendant's remaining imprisonment portion of his sentence with a term of supervised release with a condition of home confinement. In its response, the Government acknowledges that the Court could reasonably conclude that Defendant—at 67 years old, suffering from serious medical conditions, including Stage III kidney disease, diabetes, and deteriorating health since contracting COVID-19 in April 2020—has established the "extraordinary and compelling" reasons warranting a modification of Defendant's term of imprisonment, pursuant to

---

[1] On June 5, 2019, Defendant appeared before this Court, waived indictment, and pleaded guilty to count four of an Information charging him with four counts of tax evasion of federal income taxes for tax years 2012 through 2015 in violation of 26 U.S.C. § 7201. On February 4, 2020, Defendant was sentenced by the Court to 366 days of incarceration and two years of supervised release. Defendant self-surrendered to FCI Fort Dix on January 1, 2022.

18 U.S.C. § 3582(c)(1)(a).  And, while the Government notes that the fact Defendant has served a mere 15% of his sentence provides reason to balk at the request, it also appreciates that there are countervailing considerations at play.  These factors include: (i) the absence of facts in the record suggesting that Defendant is a danger to the community; (ii) the relative brevity of his term of imprisonment; (iii) that he has already made full restitution to the IRS; and (iv) his cooperation with the Government, which  resulted in a (successful) departure motion under U.S.S.G. § 5K1.

Having considered the papers submitted, the Court finds that Defendant has met the requirements of 18 U.S.C. § 3582(c)(1)(a):  He has established "extraordinary and compelling reasons" for a modification of his term of imprisonment to a term of supervised release with a condition of home confinement, and the applicable sentencing factors under 18 U.S.C. § 3553(a) indicate that this modification would be appropriate.  Defendant's request for compassionate relief is granted, and Defendant shall serve the remaining unserved portion of his sentence of incarceration as a "special term" on supervised release with a condition of home confinement.  *See* U.S.S.G. § 5F1.2 (providing that a court is permitted to impose home confinement as "a condition of probation or supervised release, but only as a substitute for imprisonment"); *see also United States v. Khair*, 15-CR-404 (SDW), 2020 WL 6689757, at *2 n.1 (D.N.J. Nov. 13, 2020) (courts have the ability under Section 3582(c)(1)(A)(i) to reduce an inmate's sentence to a term of supervised release with a condition of home confinement).  An appropriate Order will issue.

    s/ Stanley R. Chesler
HON. STANLEY R. CHESLER
United States District Judge
Date:  February 17, 2022